**In re the Petition for DISCIPLINARY ACTION AGAINST Howard J. MOORE, an Attorney at Law of the State of Minnesota.**

No. C2–86–272.

Supreme Court of Minnesota.

March 5, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Howard J. Moore had committed unprofessional conduct warranting public discipline. The Director alleges three separate counts of misconduct in his petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that respondent continued to represent a client in a personal injury matter and agreed to represent the same client in a new matter, after this court had suspended respondent from the practice of law. Respondent failed to inform his client of the suspension. In addition, respondent failed to handle the matters competently. When the client inquired of respondent regarding the status of the personal injury matter, respondent told the client that he was conducting negotiations with an insurance company, made similar misrepresentations to the client's doctor, and gave the doctor a personal check for $3,800.00, which respondent falsely claimed was money from an insurance company payment. Respondent subsequently informed his client that the personal injury matter had been settled and that the client would be receiving settlement monies when, in fact, respondent never served a summons and complaint or conducted negotiations relating to the personal injury matter. The statute of limitations for the personal injury matter has now run. With regard to the new matter, a sheriff's sale on behalf of the client's business, respondent failed to take any action to arrange for the sheriff's sale. The client has now hired new counsel to conduct the sheriff's sale.

In count two, the Director alleges that respondent agreed to represent a client in a real estate transaction after this court had suspended respondent from the practice of law. The client in this instance is an individual who has known respondent for thirty years and who believed respondent was a licensed practicing attorney at the time he retained respondent. Respondent did not inform this client of his suspension from the practice of law, but provided services to this client in relation to the real estate transaction in violation of the court ordered suspension.

In count three, the Director alleges that respondent failed to cooperate with the Office of Lawyers Professional Responsibility. Respondent failed to respond to the complaint issued by the Director in this matter, failed to respond to numerous written requests by the Director, and failed to attend a meeting requested by the Director. Furthermore, it is relevant that this court has disciplined respondent on four previous occasions for professional misconduct including neglect of client matters and failure to cooperate with the disciplinary system. Respondent was suspend-

ed from the practice of law at the time of the incidents alleged above.

After the filing of the petition, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. He also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is continued indefinite suspension with no right to apply for reinstatement for five years from the date of this Court's order. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Howard J. Moore is hereby indefinitely suspended pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent may not apply for reinstatement for five years from the date of this order.

3. That the respondent shall pay to the Director within 90 days of the date of this order, the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.